■ STEVEN P. NASSAU, Respondent-Appellant, v ASSOCIATES 66 et al., Appellants-Respondents. (Matter No. 1.) In the Matter of ASSOCIATES 66 et al., Appellants-Respondents, v STEVEN P. NASSAU, Respondent-Appellant. (Matter No. 2.)—In a consolidated action for specific performance of an option to purchase a cooperative apartment (matter No. 1) and a special proceeding to recover possession of a cooperative apartment for nonpayment of rent (matter No. 2), (1) the defendants in matter No. 1 and the petitioners in matter No. 2 appeal from an interlocutory judgment of the Supreme Court, Kings County (Hurowitz, J.), dated November 17, 1987, which, *inter alia,* after a nonjury trial, granted the plaintiff in matter No. 1 specific performance of the option to purchase a cooperative apartment and dismissed matter No. 2 and (2) the plaintiff in

matter No. 1 cross-appeals from so much of the same interlocutory judgment as fixed the price to be paid for the cooperative apartment at the highest price established by 1 of 3 stated methods.

Ordered that the interlocutory judgment is modified, on the law, by (1) deleting from the first decretal paragraph thereof the words "to be fixed and determined as hereinafter provided" and the words "after the price to be paid is fixed" and by adding thereto, after the word "consideration" the words: "in the amount of $131,000", and (2) by deleting the second decretal paragraph thereof; as so modified, the interlocutory judgment is affirmed, without costs or disbursements.

We agree with the Supreme Court that the letter dated April 5, 1984, which was signed by the appellants-respondents' attorney and the lease and rider dated April 29, 1984, constituted one agreement and should be read together (Nau v Vulcan Rail & Constr. Co., 286 NY 188; Williams v Mobil Oil Corp., 83 AD2d 434; Exchange Leasing Corp. v Bundy, 29 AD2d 828) and that the agreement, as a whole, granted the respondent-appellant an option to purchase the cooperative apartment. However, the Supreme Court erred in determining that the price was to be the highest price established by 1 of 3 stated methods. The letter dated April 5, 1984, indicated that the terms of the option would "be according to the Plan". The record indicates that the price of the subject cooperative apartment, as listed in the offering plan, was, at all relevant times, $127,000. The respondent-appellant however, concedes in his brief that "notwithstanding the terms of the Offering Plan and Amendments, the apartment and shares were listed by the defendants for sale at $131,000 * * * it is also true that $131,000 is the price which the [respondent-appellant] agreed to pay for the apartment and shares." Since the respondent-appellant by his own admission "was and is prepared to pay the price he previously agreed to pay, to wit $131,000", the interlocutory judgment has been modified to the extent indicated. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.