■ STUART SHUTTER et al., Plaintiffs, v HILLSIDE MEDICAL INVESTOR CORP. et al., Defendants, and NUHILL AUTOMOTIVE CORP., Defendant and Third-Party Plaintiff and Second Third-Party Plaintiff. ELSIE JOERG, Second Third-Party Defendant-Appellant; CHEVRON OIL CORPORATION, Seventh Third-Party Plaintiff-Respondent; LEONARD JOERG, JR., et al., Seventh Third-Party Defendants-Appellants. (And Additional Third-Party Plaintiffs and Defendants.) [597 NYS2d 114] —In a negligence action to recover damages for personal injuries, the second third-party defendant Elsie Joerg and seventh-party defendants Leonard Joerg, Jr., and Marion Skrent appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), entered October 22, 1990, as granted those branches of the motion of Chevron Oil Corporation for summary judgment, dismissing Elsie Joerg's cross claim against it, and in its favor on its cross claim against the appellants in the fourth-party action, and on its seventh party complaint against Leonard Joerg, Jr., and Marion Skrent.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the underlying action, the plaintiff Stuart Shutter alleged he sustained personal injuries on April 16, 1981, as a result of exposure to gasoline fumes that emanated from leaks in underground storage tanks located on the premises of a gasoline service station in proximity to his medical office. The appellants are the owners of the subject gas station and the respondent was an assignee of a lease for the subject gas station which expired on March 14, 1979. Prior to the expiration of the lease, the respondent agreed to sell to the appellants certain equipment, including the underground storage tanks located on the subject property. The bill of sale executed by the parties, dated April 20, 1979, stated in relevant part:

"After conveyance, Buyer agrees to hold Chevron safe and harmless from any and all liability and expense in connection therewith".

The appellants thereafter executed a general release dated May 11, 1979, which stated, in relevant part: "Notwithstanding the terms hereof, the herein General Release is not intended to and does not cover or affect any obligations or other duties, if any, arising out of the terms of the aforesaid Lease, owned by Releasee to Lessor or Releasor with respect to any damage or injury to the person or property of third-parties occurring prior to March 30, 1979; provided, however, nothing herein contained shall be construed as expanding the duties and obligations of Releasee as set forth in the said Lease".

We find that the parties intended that the bill of sale and the general release be construed as one interrelated agreement, as "they were to effectuate the same purpose and formed a part of the same transaction" (Nau v Vulcan Rail & Constr. Co., 286 NY 188, 197; see also, Nassau v Associates 66, 149 AD2d 489, 490; Williams v Mobil Oil Corp., 83 AD2d 434). Reading the clear and unambiguous language of the general release in the context of the bill of sale (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 163), the agreements manifest an intention that the respondent would be liable for third-party injuries that occurred only prior to March 30, 1979.

The appellants contend that there is a material issue of fact as to whether Shutter was in fact injured as a result of a large gas leak from the underground storage tanks that occurred in 1977. However, as Shutter specifically alleged in his verified amended complaint that he "was caused to inhale gasoline fumes and/or noxious fumes" on or about April 16, 1981, which was after the liability cut-off date, we find that the appellants' claim is without merit. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.