■ STANLEY BENEROFE, Appellant-Respondent, et al., Plaintiff, v AVNET, INC., et al., Respondents-Appellants. [654 NYS2d 619] —In an action, *inter alia,* to recover damages for wrongful termination of employment and breach of contract, (1) the

plaintiff Stanley Benerofe appeals from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered February 6, 1996, as granted that branch of the defendants' motion which was to dismiss his second cause of action, and (2) the defendants cross-appeal from so much of the same order as denied those branches of their motion which were to dismiss the plaintiffs' first, third, fifth, and sixth causes of action.

Ordered that the order is modified by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss the plaintiffs' fifth and sixth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendants' contention, the court properly denied that branch of their motion which was to dismiss the plaintiffs' causes of action to recover damages for wrongful termination of employment. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the narrow question presented for review is not whether the plaintiff will ultimately prevail in the litigation, but whether the complaint states a cause of action (*see, Becker v Schwartz,* 46 NY2d 401, 408). For the purposes of this review the allegations in the plaintiffs' amended complaint must be assumed to be true (*see, Becker v Schwartz, supra,* at 408; *Reliance Ins. Co. v Morris Assocs.,* 200 AD2d 728, 729; *Nustoria Realty Corp. v Town of Brookhaven,* 234 NYS2d 638). Here, the plaintiffs alleged sufficient facts which, if proved at trial, would demonstrate that they were employed by the defendant Avnet, Inc. (hereinafter Avnet), pursuant to separate contracts of employment for definite terms, and therefore could only be terminated for good cause (*see, Crane v Perfect Film & Chem. Corp.,* 38 AD2d 288, 291; 52 NY Jur 2d, Employment Relations, § 83).

However, the plaintiffs' fifth and sixth causes of action failed to state any cognizable causes of action. It is well settled that there is no cause of action against another contracting party for conspiracy to breach the agreement between them (*see, North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 179). Moreover, the plaintiffs failed to allege any facts giving rise to separate tort liability arising from a breach of a duty distinct from, or in addition to, those duties under the Supplemental Retirement Agreement between the parties (*see, Rich v New York City & Hudson Riv. R. R. Co.,* 87 NY 382).

Contrary to the plaintiff Stanley Benerofe's contention, the court properly dismissed his second cause of action against Av-

net to recover damages for breach of the Supplemental Retirement Agreement. Benerofe failed to allege any facts supporting the conclusion that Avnet breached any of the provisions of that agreement, and it is clear that Avnet complied with the termination provisions of the agreement.

The parties' remaining contentions are without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.