■ Thomas R. Williamson, III, Respondent, v Moltech Corp., Appellant. [690 NYS2d 628] —In an action to recover damages for breach of, *inter alia,* an employment contract, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated April 7, 1998, as denied those branches of its motion which were for summary judgment dismissing the plaintiff's fourth, fifth, and seventh causes of action, and granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the "third affirmative defense and first counterclaim" in its answer.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's "third affirmative defense and first counterclaim", and substituting therefore a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover damages allegedly sustained as a result of the defendant's breaches of an employment contract and a related stock option agreement. The employment contract was for three years, and contained no provisions concerning the conditions under which the plaintiff's employment could be terminated. As a result, the plaintiff's employment could only be terminated for good cause (*see, Benerofe v Avnet, Inc.,* 236 AD2d 496; *Crane v Perfect Film & Chem. Corp.,* 38 AD2d 288; *see also, Jones v Dunkirk*

*Radiator Corp.*, 21 F3d 18). The employment agreement also set forth the basic terms of the plaintiff's rights to exercise stock options. The stock option agreement provided, *inter alia*, that the plaintiff's rights to exercise the options would cease upon the termination of his employment for a reason other than death, disability, or retirement.

Construing the related provisions of these intertwined agreements together (*see, Shutter v Hillside Med. Investor Corp.*, 192 AD2d 699; *Williams v Mobil Oil Corp.*, 83 AD2d 434), we agree with the conclusion of the Supreme Court that if the plaintiff's employment had been wrongfully terminated, his stock option rights would not be terminated (*see, Ballard v El Dorado Tire Co.*, 512 F2d 901; *Langer v Iowa Beef Packers*, 420 F2d 365; *Haag v International Tel. & Tel. Corp.*, 324 F2d 205; *Haft v Dart Group Corp.*, 877 F Supp 896). Accordingly, inasmuch as issues of fact exist as to whether or not the plaintiff's employment was terminated for good cause, the defendant is not entitled to summary judgment dismissing those causes of action pursuant to which the plaintiff alleged that the defendant wrongfully refused to accept the plaintiff's exercise of certain stock options.

However, the Supreme Court incorrectly granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's "third affirmative defense and first counterclaim" to recover $20,000 it paid to the plaintiff to compensate him for relocation expenses. These are issues of fact as to whether the plaintiff satisfied the obligations imposed upon him by the relocation provision of the employment contract.

The defendant's remaining contentions are without merit. S. Miller, J. P., Ritter, Altman and H. Miller, JJ., concur.