■ RICHARD DAVIMOS, JR., Respondent, v JOHN HALLE, Appellant. [877 NYS2d 20]—

Judgment, Supreme Court, New York County (Eileen Bran-

sten, J.; Karla Moskowitz, J., at nonjury trial), entered September 18, 2008, awarding plaintiff damages in the principal amount of $1 million, plus interest from January 7, 2002 until date of judgment in the amount of $582,657.53, unanimously affirmed, with costs.

"[I]t is a well-established rule of contract law that all contemporaneous instruments between the same parties relating to the same subject matter are to be read together and interpreted as forming part of one and the same transaction" (*see TBS Enters. v Grobe*, 114 AD2d 445, 446 [1985] [citations and internal quotation marks omitted], *lv denied* 67 NY2d 602 [1986]). In determining whether contracts are separable or entire, "the primary standard is the intent manifested, viewed in the surrounding circumstances" (*Williams v Mobil Oil Corp.*, 83 AD2d 434, 439 [1981] [citations omitted]).

The evidence at trial overwhelmingly demonstrated that defendant's personal guarantee, Total Film Group's (TGF) corporate guarantee, TGF president Gerald Green's personal guarantee, and TGF subsidiary 1st Mister's promissory note to plaintiff for $1 million, all executed the same day, December 20, 1999, were part of the same transaction. The evidence showed that defendant actively participated in the deal; knew the loan amount to be for $1 million; agreed to guarantee the loan because he knew plaintiff would not loan money without his guarantee; and received a $50,000 commission in connection with arranging the loan. Green testified that the $1 million note, dated December 20, 1999, was in return for plaintiff's investment in 1st Mister and was the note referenced in the corporate guarantee executed December 20, 1999. The fact that the guarantees all reference a December 17, 1999 note is of no moment, in light of the foregoing.

Furthermore, as noted by the trial court, defendant's guarantee was a continuing one. A guarantor is bound by an anticipatory agreement in his undertaking that he will not be relieved of liability by a modification of the principal contract (*see Banque Worms v Andre Cafe*, 183 AD2d 494 [1992]). Thus, even assuming, arguendo, that the parties intended their guarantees to refer to the "unsigned note," as defendant alleges, rather than the December 20, 1999 note simultaneously executed, their guarantees would nonetheless extend to the executed note because they were continuing.

In view of the foregoing, we need not reach defendant's contentions concerning the findings of fraud. His remaining arguments are unavailing. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.