1471 Second Corp. v NAT of NY Corp. (2018 NY Slip Op 04092)





1471 Second Corp. v NAT of NY Corp.


2018 NY Slip Op 04092


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6806 652594/15 -2279

[*1]1471 Second Corp., Plaintiff-Appellant,
v
NAT of NY Corp., Defendant, Nando Ghorchian, also known as Nasser Ghorchian, Defendant-Respondent.


Woods Lonergan & Read PLLC, New York (James F. Woods of counsel), for appellant.
Lonuzzi & Woodland, LLP, Brooklyn (John Lonuzzi of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia Kern, J.), entered July 29, 2016, which granted defendant Nando Ghorchian's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion denied.
Defendant Ghorchian contends that he did not personally guaranty the lease between plaintiff and defendant NAT of NY Corp., because, assuming he signed it, the document defines him as both guarantor and tenant and does not refer to NAT or to any lease with NAT. As a rule, "an interpretation of an instrument that would result in making a person or entity the guarantor of his, her or its own debt must be rejected" (150 Broadway N.Y. Assoc., LP v Bodner, 14 AD3d 1, 8 [1st Dept 2004]; see PNC Capital Recovery v Mechanical Parking Sys., 283 AD2d 268 [1st Dept 2001], lv dismissed 96 NY2d 937 [2001], appeal dismissed 98 NY2d 763 [2002]). However, this result is not required if the guaranty and lease are read together, under the settled principle that "agreements executed at substantially the same time and related to the same subject matter are regarded as contemporaneous writings and must be read together as one" (Flemington Natl. Bank & Trust Co. [N.A.] v Domler Leasing Corp., 65 AD2d 29, 32 [1978], affd 48 NY2d 678 [1979]; see 1626 Second Ave. LLC v Salsberg, 105 AD3d 432 [1st Dept 2013]; Davimos v Halle, 60 AD3d 576 [1st Dept 2009], lv denied 13 NY3d 713 [2009]). Ghorchian contends that the purported guaranty was executed too long after the lease to be read together with it. However, the documents were executed as of the same date, and the guaranty refers to a lease with plaintiff for the premises described in the lease. Under the circumstances, issues of fact exist as to whether the guaranty was intended as a guaranty of NAT's obligations under the lease.
Ghorchian's alternative argument that a subsequent lease amendment discharged any obligation on the lease is contrary to
the terms of the agreement. M-2279 - 1471 Second Corp. v Nat of NY Corp.
Motion to supplement the record with the one-page affidavit of Nastasi Agostino, sworn to on October 11, 2013, granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK