GPB Capital Holdings, LLC v Dibre
2026 NY Slip Op 03149
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

GPB Capital Holdings, LLC, et al., respondents,
v
Patrick Dibre, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2021-01957, (Index No. 606417/17)
Betsy Barros, J.P.
Barry E. Warhit
Carl J. Landicino
Laurence L. Love, JJ.

Cyruli Shanks & Zizmor LLP (Harfenist Kraut & Perlstein LLP, Lake Success, NY [Steven J. Harfenist], of counsel), for appellant.
Mayer Brown LLP, New York, NY (John M. Conlon of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Peter B. Skelos, Ref.), dated February 16, 2021. The order, insofar as appealed from, granted the plaintiffs' motion for summary judgment determining that the plaintiffs have no obligation to repay certain loans arising out of transactions between the parties to the extent of determining that, except as to a certain Wells Fargo loan, the plaintiffs have no obligation to repay the subject loans.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2016, the parties entered into a written agreement, referred to as the master agreement, pursuant to which the plaintiffs agreed to purchase the assets of certain automotive dealerships owned by the defendant. Simultaneously with the execution of the master agreement, the parties also executed several asset sale agreements with respect to four dealerships (hereinafter the 2016 sale agreements), which were incorporated by reference in the master agreement. The 2016 sale agreements provided, inter alia, that the defendant was obligated to transfer the subject dealerships free and clear of all liens and encumbrances, other than those expressly stated or reserved. The 2016 sale agreements also barred the defendant from encumbering the dealerships in the absence the of prior written consent of the plaintiffs, with one exception not relevant here.
In 2017, the plaintiffs commenced this action, among other things, to recover damages for breach of contract. Thereafter, the plaintiffs moved for summary judgment determining that the plaintiffs have no obligation to repay certain loans arising out of the transactions between the parties. The plaintiffs asserted that 11 loans had been entered into by the defendant on behalf of certain dealerships and that none of the loans obtained after the execution of the master agreement and the 2016 sale agreements were consented to in writing by the plaintiffs. The plaintiffs contended, inter alia, that the 2016 sale agreements obligated the defendant to transfer the dealerships free and clear of all liens and encumbrances and that the defendant was responsible for repaying all of the outstanding loans. The defendant opposed the motion. In an order dated February [*2]16, 2021, the Supreme Court granted the plaintiff's motion to the extent of determining that, except for one loan from Wells Fargo that was identified in the master agreement as an obligation of the plaintiffs, the plaintiffs had no obligation to repay any of the remaining loans (hereinafter the subject loans). The defendant appeals.
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Hylan Ross, LLC v 2582 Hylan Blvd. Fitness Group, LLC, 206 AD3d 893, 894 [internal quotation marks omitted]; see MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645). "Where several instruments constitute part of the same transaction, they must be interpreted together. In the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction will be read and interpreted together, it being said that they are, in the eye of the law, one instrument" (BWA Corp. v Alltrans Express U.S.A., 112 AD2d 850, 852; see Nau v Vulcan Rail & Constr. Co., 286 NY 188, 197; County of Suffolk v Long Is. Power Auth., 100 AD3d 944, 947; Williams v Mobil Oil Corp., 83 AD2d 434, 439).
Here, in support of their motion, the plaintiffs demonstrated, prima facie, that the 2016 sale agreements and the master agreement were to be treated as one integrated document because they related to the same subject matter, they were executed simultaneously on the same date by the same parties, and the 2016 sale agreements were expressly referenced by and incorporated into the master agreement (see Davimos v Halle, 60 AD3d 576; Shutter v Hillside Med. Inv. Corp., 192 AD2d 699, 700). The plaintiffs further demonstrated, prima facie, that the 2016 sale agreements and the master agreement, when read as a whole, clearly and unambiguously establish that the plaintiffs were not responsible for repaying the subject loans (see generally Davimos v Halle, 60 AD3d at 576; Nassau v Associates 66, 149 AD2d 489). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment to the extent of determining that the plaintiffs have no obligation to repay the subject loans.
BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court