■ LEX TENANTS CORP., Appellant, v GRAMERCY NORTH ASSOCIATES et al., Respondents. (And a Third-Party Action.) [664 NYS2d 16] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about July 2, 1996, which denied plaintiff residential cooperative's motion for summary judgment on its first cause of action for breach of contract, and granted defendant sponsors' cross motion for partial summary judgment dismissing such cause of action, unanimously affirmed, without costs.

The offering plan to the cooperative conversion provided that the sponsor would, at its own expense, make an application for Real Property Tax Law § 421-a tax exemption benefits that "may be available". The sponsor did submit an application for those benefits and, when they were refused, resorted to legal action (*see, Matter of Gramercy N. Assocs. v Biderman*, 169 AD2d 345, *lv denied* 78 NY2d 863). Therefore, there was good-faith compliance with the foregoing section of the offering plan, which did not guarantee that the sponsor's application would obtain the benefits. The cooperative's reliance on 13 NYCRR 21.3 (k), which required the sponsor to use its best efforts in obtaining the benefits, was properly rejected by the IAS Court on the ground that that regulation was promulgated under the Martin Act (General Business Law § 352-c), for which there is no private right of action (*CPC Intl. v McKesson Corp.*, 70 NY2d 268, 276-277). Plaintiff's remedy, if any, lies with the Attorney-General. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.