■ LAVERNE M. LEONARD, Appellant, v GATEWAY II, LLC, et al., Respondents, et al., Defendant. [890 NYS2d 33]—

The court properly dismissed the breach of contract claims against all defendants except Gateway II, since plaintiff was not in privity with any of the other defendants (*see generally Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc.*, 190 AD2d 636, 637 [1993]). The purchase agreements

were unequivocally executed by Gaetano solely on behalf of Gateway II, and plaintiff points to no other contracts involving any other defendant. Plaintiff's assertion that schedules A and B in the purchase agreements represent contracts with defendants Gaetano & Associates and Gateway Condominium, respectively, has no merit. Schedule A is merely a set of architectural drawings prepared by Gaetano & Associates. It is not a contract of any kind. Schedule B is an unsigned sample of a contract that the seller in the purchase agreements (Gateway II) included as an example of one the buyer (plaintiff) might have to obtain. It does not bind Gateway Condominium in any way. Nor is plaintiff a third-party beneficiary of these noncontracts. Even if these schedules could be considered contracts with Gaetano & Associates and Gateway II (schedule A) and with Gateway Condominium (schedule B), they would be insufficient to render plaintiff a third-party beneficiary thereunder (*see Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 368-369 [2006], *lv dismissed* 7 NY3d 864 [2006]), and would in no way obligate Gaetano & Associates and Gateway Condominium to perform Gateway II's obligations under the purchase agreements.

The court also properly dismissed the second cause of action for fraud against all defendants, as this is no more than a restatement of plaintiff's breach of contract claim, without alleging a breach of duty owed to plaintiff independent of the purchase agreements (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]).

Plaintiff's third cause of action for fraudulent inducement was also properly dismissed, as plaintiff cannot establish reasonable reliance on any of the alleged promises made to her, such as tax abatements and certain services, because the purchase agreements expressly state that plaintiff did not rely on any promises not contained therein. While this provision would expressly allow for reliance on matters contained in the offering plan, plaintiff has not pointed to any provision of the plan, or of any prior offering plan, which might have included the promises upon which she claims to have relied. She cannot claim reasonable reliance on provisions in the offering plan that she never saw and apparently never asked to see (*see UST Private Equity Invs. Fund v Salomon Smith Barney*, 288 AD2d 87, 88 [2001]; *Rodas v Manitaras*, 159 AD2d 341, 342-343 [1990]; *see also Valassis Communications v Weimer*, 304 AD2d 448, 449 [2003], *appeal dismissed* 2 NY3d 794 [2004]).

Plaintiff's fourth cause of action for tortious interference with prospective contracts was properly dismissed, as plaintiff

has failed to allege that such interference was effected by unlawful means or egregious conduct, such as conduct engaged in for the sole purpose of harming plaintiff (*see Carvel Corp. v Noonan,* 3 NY3d 182 [2004]).

Plaintiff's fifth cause of action, except to the extent the court permitted a portion of it to proceed as a breach of contract claim against Gateway II, asserts claims relating to alleged harm to the Condominium as a whole, not plaintiff individually. As such, plaintiff lacks standing to make these claims (*see Abrams v Donati,* 66 NY2d 951 [1985]; *Di Fabio v Omnipoint Communications, Inc.,* 66 AD3d 635, 637 [2009]).

Plaintiff's assertion that discovery is necessary in order to oppose defendants' motion is based on nothing more than unsubstantiated hope of discovering something relevant to her claims, and is an insufficient reason to deny the motion (*see Kennerly v Campbell Chain Co., Campbell Chain Div. McGraw-Edison Co.,* 133 AD2d 669, 670 [1987]). Nor have defendants waived their right to dismissal pursuant to CPLR 3211 (e), as the only documents on which defendants rely are the purchase agreements, which are the foundation of plaintiff's own claims. In any event, defendants clearly asserted as affirmative defenses that plaintiff lacked privity with all defendants but Gateway II, and that the complaint fails to state a cause of action, the very grounds upon which dismissal is premised in this case. Concur—Tom, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.