■ JONATHAN POOLE, Respondent, v WEST 111TH STREET REHAB ASSOCIATES, et al., Appellants. [919 NYS2d 335]—

Defendants waived any right to arbitration by failing to raise it as a defense in their answer, making a dispositive motion, seeking discovery and otherwise actively participating in this litigation for almost nine months before notifying plaintiff of their intention to seek arbitration (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 371-372 [2005]). We reject defendants' contention that any waiver of the right to arbitrate by the defendants in the original complaint may not bind the additional defendants named in the amended complaint. The newly named estates and trust, by their executors and trustee, are represented by the same persons named as defendants in the original complaint. Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASHIF HAMILTON, Appellant. [919 NYS2d 457]

Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.

■ ANGEL RIVERA, JR., Individually and as Administrator De Bonis Non of the Estate of WANDA RIVERA, Deceased, et al.,