■ Pursuit Investment Management, LLC, et al., Respondents, v Alpha Beta Capital Partners, L.P., et al., Defendants, and Claridge Associates, LLC, et al., Appellants. [8 NYS3d 96]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered June 10, 2014, which denied a motion to compel arbitration, and to stay this action pending arbitration, by defendants Claridge Associates, LLC, Jamiscott LLC, Leslie Schneider and Lillian and Leonard Schneider, unanimously affirmed, with costs.

"Although arbitration is favored as a matter of public policy, equally important is the policy that seeks to avoid the unintentional waiver of the benefits and safeguards which a court of law may provide in resolving disputes" (*TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998] [citations omitted]). "[A] party will not be compelled to arbitrate . . . absent evidence which affirmatively establishes that the parties expressly

---

agreed to arbitrate their disputes. The agreement must be clear, explicit and unequivocal" (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984] [citations omitted]).

Here, the motion court was right to deny defendants' motion given that only some of the parties to this litigation have agreed to arbitrate (*see Matter of Belzberg v Verus Invs. Holdings Inc.*, 21 NY3d 626, 630 [2013] ["nonsignatories are generally not subject to arbitration agreements" (citation omitted)]; *Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d 128, 128 [1st Dept 2014] [affirming denial of motion to compel arbitration due to substantial question as to whether the parties agreed to arbitrate]). Moreover, this action does not arise out of or relate to the partnership agreement, as required by the terms of the arbitration clause. Rather, the complaint alleges breach of a separate settlement agreement which does not contain an arbitration provision (*see Matter of New York State Off. of Children & Family Servs. v Lanterman*, 14 NY3d 275, 283 [2010] [declining to compel arbitration where there was no alleged breach of the agreement containing the arbitration clause]). Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.