■ SALVATORE MOLTISANTI et al., Respondents, v EAST RIVER HOUSING CORPORATION, Appellant. [52 NYS3d 333]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 13, 2016, which granted plaintiffs' motion for a preliminary injunction, and implicitly denied defendant's cross motion to dismiss the complaint, unanimously modified, on the law, to deny the motion for a preliminary injunction, and to grant defendant's cross motion to the extent of dismissing plaintiffs' Business Corporation Law § 501 (c) claim, and otherwise affirmed, without costs.

Plaintiffs own an apartment in a cooperative building operated by defendant. This dispute concerns plaintiffs' attempt to build an enclosure on the balcony/terrace attached to their apartment. Plaintiffs sought a preliminary injunction enjoining defendant from compelling them to remove the already constructed enclosure framework, declaring that they are entitled to complete the enclosure, and enjoining defendant from interfering with or otherwise preventing them from completing it. The preliminary injunction should have been denied.

To the extent plaintiffs request an order declaring that they are entitled to complete the enclosure and enjoining defendant from interfering with such completion, such an order is improper because it would upset, rather than maintain, the status quo and would effectively grant the ultimate relief sought (see Second on Second Café, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 264-265 [1st Dept 2009]; see also LGC USA Holdings, Inc. v Taly Diamonds, LLC, 121 AD3d 529, 530 [1st Dept 2014]).

Plaintiffs' request for a preliminary injunction against removal of the enclosure framework also must fail because plaintiffs have not demonstrated the requisite irreparable harm (see generally Doe v Axelrod, 73 NY2d 748, 750 [1988]). Any costs incurred in removing the enclosure framework would be compensable in money damages and do not warrant injunctive relief (see Goldstone v Gracie Terrace Apt. Corp., 110 AD3d 101, 105-106 [1st Dept 2013]; Louis Lasky Mem. Med. & Dental Ctr. LLC v 63 W. 38th LLC, 84 AD3d 528, 528 [1st Dept 2011]; Schleissner v 325 W. 45 Equities Group, 210 AD2d 13, 14 [1st Dept 1994]). Plaintiffs speculate that they may, at some point, lose their lease, but this matter is not an eviction proceeding brought by defendant. Therefore, because plaintiffs failed to allege damages of a noneconomic nature, plaintiffs failed to show irreparable harm, and injunctive relief is inappropriate.

Defendant's cross motion to dismiss should have been granted as to the Business Corporation Law § 501 (c) claim. Plaintiffs do not claim that the terms of their lease or shares are any different from those of the other shareholders. Rather, they claim that they were treated differently from other shareholders because they alone were not permitted to construct an enclosure without first obtaining defendant's written permission. Assuming arguendo plaintiffs were in fact treated differently, this is not the type of differential treatment that Business Corporation Law § 501 (c) was designed to address (see Razzano v Woodstock Owners Corp., 111 AD3d 522 [1st Dept 2013]; Spiegel v 1065 Park Ave. Corp., 305 AD2d 204 [1st Dept 2003]).

The cross motion to dismiss was properly denied, however, as to the claim for injunctive relief. The documentary evidence submitted by defendant was not sufficient to establish its entitlement to judgment as a matter of law (see generally Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]). It is undisputed that defendant's written consent to the alterations was never obtained, even though it was expressly required by the lease and no oral waivers or modifications of the lease were permitted. Although a lease term requiring any modification to be in writing generally precludes oral modifications, the requirement of a writing may be avoided under certain circumstances pursuant to the doctrines of partial performance or equitable estoppel (see Joseph P. Day Realty Corp. v Lawrence Assoc., 270 AD2d 140, 141 [1st Dept 2000]). Because issues of fact exist, judgment as a matter of law is not appropriate at this stage.

We do not reach the parties' requests for attorney's fees, as these requests are premature. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.