Tufamerica, Inc. v Universal Music Group, Inc. (2020 NY Slip Op 03991)





Tufamerica, Inc. v Universal Music Group, Inc.


2020 NY Slip Op 03991


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


651331/19 M-8460

[*1] Tufamerica, Inc., Plaintiff-Respondent,
v
Universal Music Group, Inc., Defendant-Appellant.


Pryor Cashman LLP, New York (Frank P. Scibilia of counsel), for appellant.
Law Office of Julie Stark, New York (Julie Stark of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 28, 2019, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff's causes of action for a declaratory judgment, anticipatory breach of the "express terms" of the agreement, breach of the covenant of good faith and fair dealing, unjust enrichment and unfair competition fail to state claims on the ground that the unambiguous agreement does not give plaintiff a 50% interest in the copyright to the master recording. Any argument that there could have been a modification of the agreement by the parties' subsequent conduct after the agreement was executed is precluded by the Copyright Act, which requires that any assignment or transfer of an interest in a copyright be in writing (see 17 USC § 204[a]; Tjeknavorian v Mardirossian, 56 F Supp 3d 561, 567 [SD NY 2014]).
Plaintiff's business defamation claim must also be dismissed. The first alleged defamatory statement, that "[plaintiff] is firm on claiming 75% of the master recording of
"Let Me Clear my Throat," is not actionable because it is not a false statement as it is an expression of intention, not fact. Moreover, plaintiff asserts that such statement is defamatory based solely on its incorrect belief that the agreement gives plaintiff a 50% interest in the copyright to the master recording. The other alleged defamatory statement, that " The 900 Number' clearly seems to sample Marva Whitney's Unwind Yourself,'" is not actionable because it is clearly an expression of defendant's opinion for which the basis was disclosed and thus, there is no claim for defamation (see Gross v New York Times Co., 82 NY2d 146, 152 [1993]).
Finally, plaintiff's claim for tortious interference with prospective contractual relations fails to state a claim because plaintiff fails to allege any unlawful conduct (see Leonard v Gateway II, LLC, 68 AD3d 408, 409 [1st Dept 2009]). The only alleged unlawful conduct here is the business defamation. As there was no defamation, there is no unlawful conduct and thus, [*2]there can be no claim for interference with prospective contractual relations.
M-8460 - Tufamerica, Inc. V Universal Music Group
Motion for stay, denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK