League of Women Voters of New York State v New York State Bd. of Elections (2020 NY Slip Op 07135)





League of Women Voters of New York State v New York State Bd. of Elections


2020 NY Slip Op 07135


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Friedman, J.P. Renwick, Webber, González, JJ. 


Index No. 160342/18 Appeal No. 12397&[M-03397] Case No. 2020-03996 

[*1]League of women Voters of New York State, et al., Plaintiffs-Appellants,
v
New York State Board of Elections, et al., Defendants-Respondents. Law Professors, Amici Curiae.


Latham & Watkins LLP, New York (Alexander R. DeLisi of counsel), for appellants.
Letitia James, Attorney General, New York (Philip J. Levitz of counsel), for respondents.
Frankfurt Kurnit Klein & Selz, P.C., New York (Edward H. Rosenthal and Jared Benjamin of counsel), for Amici Curiae.



Order of the Supreme Court, New York County (J. Machelle Sweeting, J.), entered September 25, 2020, which denied plaintiffs' motion for a preliminary injunction to enjoin defendant from enforcing New York Election Law provisions requiring voters to register at least [*2]25 days before elections, including the November 3, 2020 general election, unanimously affirmed, with costs.
In seeking to enjoin defendant from enforcing New York Election Law provisions requiring voters to register at least 25 days before elections, including the November 3, 2020 general election, plaintiffs' motion for a preliminary injunction was properly denied to the extent it sought the ultimate relief in the action (see SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992] ).
Moreover, the motion for a preliminary injunction was properly denied because plaintiffs failed to show a likelihood that they will be able to prevail on the underlying merits of their claim that a 25-day voter registration deadline (or any deadline beyond the 10-day minimum found in the State Constitution) is now unconstitutional (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005] ["[T]he party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor"]). M-03397 - League of Women Voters of New York State, et al. v New York State Board of Elections, et al.,
Motion by Law Professors to file amicus curiae brief granted, and the brief deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020