Real World Holdings LLC v 393 W. Broadway Corp. (2022 NY Slip Op 02241)

Real World Holdings LLC v 393 W. Broadway Corp.

2022 NY Slip Op 02241

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 160732/15 Appeal No. 15671 Case No. 2021-03820 

[*1]Real World Holdings LLC, Plaintiff-Appellant,
v
393 West Broadway Corporation et al., Defendants-Respondents.

Lane Crowell LLP, Larchmont (J. Mark Lane of counsel), for appellant.
Boyd Richards Parker & Colonnelli, New York (Jacqueline L. Aiello of counsel), for respondents.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about March 30, 2021, which denied plaintiff's motion for a preliminary injunction to compel defendant 393 West Broadway Corporation (the coop) to remediate asbestos in plaintiff's apartment, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the motion, which was based upon the causes of action alleging trespass due to asbestos contamination. A mandatory injunction requiring the coop to perform asbestos remediation "would upset, rather than maintain, the status quo and would effectively grant the ultimate relief sought" in the 17th cause of action (Moltisanti v East Riv. Hous. Corp., 149 AD3d 530, 531 [1st Dept 2017]; see League of Women Voters of N.Y. State v New York State Bd. of Elections, 189 AD3d 409, 410 [1st Dept 2020]; Residential Bd. of Mgrs. of Columbia Condominium v Alden, 178 AD2d 121, 122 [1st Dept 1991]).
To the extent plaintiff seeks to show extraordinary circumstances warranting the grant of ultimate relief, we find this argument unavailing (see Board of Mgrs. of Wharfside Condominium v Nehrich, 73 AD3d 822, 824 [2d Dept 2010]). There was no imminent risk to the health and safety of plaintiff's members and their families, since the unit had been vacant long before the repairs that allegedly caused the contamination (compare Doe v Dinkins, 192 AD2d 270, 275-276 [1st Dept 1993][danger of irreparable injury without a mandatory injunction to reduce the population at overcrowded homeless shelters that had not cured existing fire code regulations]).
Moreover, plaintiff failed to demonstrate irreparable harm, since any costs incurred in funding remediation on its own would be compensable by money damages — which plaintiff does, in fact, seek in the complaint — and therefore do not warrant injunctive relief (see Moltisanti, 149 AD3d at 531; 306 Rutledge, LLC v City of New York, 90 AD3d 1026, 1028 [2d Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022