Bloom v Papadakis & Gonzalez D.D.S., PLLC (2022 NY Slip Op 06987)

Bloom v Papadakis & Gonzalez D.D.S., PLLC

2022 NY Slip Op 06987

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 650124/21 Appeal No. 16831 Case No. 2022-01864 

[*1]Dr. Michael Bloom, Plaintiff-Appellant,
v
Papadakis & Gonzalez D.D.S., PLLC et al., Defendants-Respondents.

Law Office of Edward Schor, PLLC, New York (Edward Schor of counsel), for appellant.
Markotsis & Lieberman, P.C., Hicksville (Douglas M. Lieberman of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 30, 2022, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7), unanimously affirmed, without costs.
The court correctly concluded that the six-month limitation period set forth in the Sale of Assets and Professional Practice Agreement (Sale Agreement) applied to bar plaintiff's claim for breach of the Independent Contractor Agreement (ICA). That the agreements were executed on the same day, were mutually dependent, and involved the same subject matter manifested an intent that they be read together as one (see 1471 Second Corp. v NAT of NY Corp., 162 AD3d 449, 450 [1st Dept 2018]; Davimos v Halle, 60 AD3d 576, 577 [1st Dept 2009], lv denied 13 NY3d 713 [2009]). Section 20.8 of the Sale Agreement provides, in relevant part, that all disputes shall be made no later than six months after the claim arose. Here, it is undisputed that the action brought by plaintiff was commenced more than six months after the claim arose.
Plaintiff's claim for conversion was also barred by the six-month limitation period, as it "relate[d] to" the Sale Agreement. Further, the allegations that defendant Papadakis & Gonzalez D.D.S., PLLC withheld from plaintiff's remuneration an amount exceeding that which the parties had agreed to pursuant to a settlement of a dispute arising from the Sale Agreement's "work-in-progress" provision stated only a claim for breach of the agreement, which was time-barred (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]).
Plaintiff's claim for fraudulent inducement against defendant Zachary Papadakis was properly dismissed, as it was duplicative of the breach of contract claim. The allegations that Papadakis induced plaintiff to enter into the Sale Agreement and ICA by falsely representing that he would refer dental patients back to plaintiff after his completion of specialty work showed only a concealed intent not to perform the contracts which does not give rise to a fraud claim (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022