Tahari v 860 Fifth Ave. Corp. (2023 NY Slip Op 01269)

Tahari v 860 Fifth Ave. Corp.

2023 NY Slip Op 01269

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 654702/18 Appeal No. 17495 Case No. 2022-00578 

[*1]Elie Tahari, Plaintiff-Respondent,
v
860 Fifth Avenue Corporation, et al., Defendants-Appellants.

Cozen O'Connor, New York (Menachem J. Kastner of counsel), for appellants.
Morrison Cohen, LLP, New York (Y. David Scharf of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.) entered on or about January 21, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the causes of action for violation of Business Corporation Law § 501 (first cause of action), breach of fiduciary duty against defendant 860 Fifth Avenue Corporation (the cooperative) and the board member defendants (second cause of action), fraudulent misrepresentation (third cause of action), negligent misrepresentation (fourth cause of action), declaratory judgment (sixth cause of action), and breach of fiduciary duty against defendants Jennifer Chin Dussich and Joseph Dussich (seventh cause of action), unanimously modified, on the law, to the extent of dismissing the first, second, third, and fourth causes of action, and otherwise affirmed, without costs.
The arbitration proceeding arising under the 2005 agreement does not preclude litigation of plaintiff's claims here, as plaintiff's penthouse combination project is not governed by the parties' earlier agreement containing the arbitration clause (see Pursuit Inv. Mgt., LLC v Alpha Beta Capital Partners, L.P., 127 AD3d 565, 565-566 [1st Dept 2015]). In any event, defendants have waived arbitration, having opted to litigate this action since 2018 (see Poole v West 111th St. Rehab Assoc., 82 AD3d 647, 647 [1st Dept 2011]).
As to the merits, the cause of action for violation of Business Corporation Law § 501(c) does not state a claim upon which relief may be granted, as that section is not the appropriate vehicle for redressing the kind of disparate treatment alleged in the amended complaint (see Moltisanti v East Riv. Hous. Corp., 149 AD3d 530, 532 [1st Dept 2017]). Plaintiff does not assert that "the terms of their lease or shares are any different from those of the other shareholders" (id.). Rather, the allegations here concern the negotiations regarding plaintiff's penthouse construction project, which has nothing to do with the treatment of plaintiff's shares.
Similarly, the second cause of action for breach of fiduciary duty as against the cooperative and the board member defendants also does not state a claim upon which relief may be granted. The cause of action cannot be sustained as against the cooperative "because a corporation owes no fiduciary duty to its shareholders" (Hersh v One Fifth Ave. Apt. Corp., 163 AD3d 500, 501 [1st Dept 2018]). Furthermore, even assuming that the cause of action was addressed to the actions taken by the individual board member defendants, it "does not allege any individual wrongdoing by the members of the board separate and apart from their collective actions" taken in their capacity as board members (Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735-736 [1st Dept 2013]).
By contrast, plaintiff stated a claim for breach of fiduciary duty against defendants Jennifer Chin Dussich and Joseph Dussich by pleading that those defendants had a bad faith [*2]motivation for their refusal to approve plaintiff's project, basing their refusal on the impacts to their own apartment rather than on any benefit to the cooperative as a whole (see Lorne v 50 Madison Ave. LLC, 65 AD3d 879, 880 [1st Dept 2009], lv dismissed 15 NY3d 732 [2010]). At the pleading stage, these allegations are sufficient to overcome the business judgment rule, as plaintiff has alleged that defendants' actions were not "taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990] [internal quotation marks omitted]). For the same reason, plaintiff stated a cause of action for declaratory and injunctive relief requiring the cooperative to approve plaintiff's construction project on terms similar to those afforded other shareholders, particularly because defendants maintain that they are not subjecting plaintiff to disparate treatment.
The causes of action for fraudulent and negligent misrepresentation are barred by CPLR 4547, which prohibits the admission of "[e]vidence of any conduct or statement made during compromise negotiations" (see e.g. Keitel v E*TRADE Fin. Corp., 153 AD3d 1181, 1182 [1st Dept 2017], lv denied 31 NY3d 903 [2018]). In any event, plaintiff failed to establish the element of justifiable reliance for either claim, as "opinions of . . . future expectations" do not constitute statements of material fact (Sheth v New York Life Ins. Co., 273 AD2d 72, 74 [1st Dept 2000]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023