Kravitz v Chicken Soup for the Soul, LLC (2024 NY Slip Op 02664)

Kravitz v Chicken Soup for the Soul, LLC

2024 NY Slip Op 02664

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 155469/21 Appeal No. 2272 Case No. 2023-04000 

[*1]Susan Kravitz, Respondent,
v
Chicken Soup for the Soul, LLC, et al., Appellants.

Frank M. Graziadei, P.C., New York (Frank M. Graziadei of counsel), for appellants.
Jonathan M. Landsman, New York, for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered June 13, 2023, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The documentary evidence conclusively demonstrates that plaintiff's employment contract with defendants contained a forum selection clause mandating that her action seeking unpaid commissions be brought in Connecticut (see Arya's Collection, Inc. v Brink's Global Servs., USA, Inc., 67 AD3d 525 [1st Dept 2009]). Plaintiff does not argue that the clause is unreasonable, unjust, or invalid because of fraud or overreaching (British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234, 234 [1st Dept 1991]; see also Amazing Home Care Servs., LLC v Applied Underwriters Captive Risk Assur. Co., Inc., 191 AD3d 516, 518 [1st Dept 2021]). Plaintiff's contention that the forum selection clause is contained in a separate contract and is, therefore, inapplicable to her claim for unpaid commissions is unavailing. All parts of the employment contract were signed by the parties at the same time and involve the same subject matter — the terms and conditions of plaintiff's employment with defendants (see Bloom v Papadakis & Gonzalez, D.D.S., PLLC, 211 AD3d 455, 455 [1st Dept 2022]; 1471 Second Corp. v NAT of NY Corp., 162 AD3d 449, 450 [1st Dept 2018]). Thus, the forum selection clause is applicable to plaintiff's action seeking unpaid commissions pursuant to the New York Labor Law (see Boss v American Express Fin. Advisors, Inc. 6 NY3d 242 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024