| |
|---|
| **Board of Mgrs. of the Blackfriars Condominium v AG Ebenezer LLC** |
| 2024 NY Slip Op 34304(U) |
| December 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656410/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

PART     11M

-------------------------------------------------------------------------------X

THE BOARD OF MANAGERS OF THE BLACKFRIARS
CONDOMINIUM, FIRST EBENEZER BAPTIST CHURCH,
INC.,

Plaintiff,

- v -

AG EBENEZER LLC,ALMAT GROUP, LLC,DONALD
MATHESON, UCHECHUKWU ALOZIE

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.          656410/2023

MOTION DATE          02/29/2024

MOTION SEQ. NO.          001

DECISION + ORDER ON
MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 56, 57, 59, 60

were read on this motion to/for          DISMISS          .

Upon the foregoing documents, defendants' motion to dismiss is granted in part and denied in part.

## Background

In 2014, plaintiff First Ebenezer Baptist Church (the "Church") entered into a Joint Venture Agreement (the "JVA") with defendant Almat Group, LLC ("Almat"), intending to develop a condominium. Pursuant to this JVA, Almat formed a business entity, defendant AG Ebenezer LLC ("Sponsor", collectively with Almat the "LLC Defendants"), which was 50% owned and managed by Almat and 50% owned by the Church. In 2016, the Church sold the property located at 2457 Frederick Douglass Boulevard in New York, New York (the "Building"), an eight-unit building known as the Blackfriars Condominium to Sponsor. There was an offering plan (the "Plan") that was filed and made effective in 2019, along with a declaration and bylaws. The first title for a condominium unit closed in 2020, and the rest of the

units were subsequently purchased by members of an unincorporated association of unit owners called the Board of Managers of the Blackfriars Condominium (the "BOM", collectively with Church the "Plaintiffs").

Plaintiffs have alleged a host of issues and wrongs connected to the Building, including significant construction defects, failure to preserve tax-exempt status for the Church, and failure to honor financial commitments. Plaintiffs brought the underlying suit in 2023, pleading eight causes of action. Several of these claims were brought against the initial board members for Sponsor, defendant Donald Matheson ("Matheson") and defendant Uchechukwu Alozi ("Alozie", together with Matheson the "Individual Defendants") in their individual capacity. The LLC Defendants and the Individual Defendants (collectively, "Defendants") have opposed by bringing the present motion to dismiss.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.   Page 2 of 15
AG EBENEZER LLC ET AL
Motion No.  001

[* 2]                                    2 of 15

CPLR § 3211(a)(5) allows for a complaint to be dismissed because of a valid release. While a valid release generally "constitutes a complete bar", for a signed release the burden shifts to the plaintiff to "show that there has been fraud, duress, or some other fact which will be sufficient to void the release." *Centro Empesarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

## Discussion

Defendants brought the present motion to dismiss the complaint in its entirety as to the Individual Defendants, and to dismiss the first, third, fourth, fifth, sixth, seventh, and eighth causes of action as against all defendants. They have moved pursuant to CPLR § 3211(a)(1), (5), and (7). Essentially, Defendants argue that this action is a standard breach of contract action, and that the rest of Plaintiffs' claims are subsumed within the breach of contract action. Plaintiffs oppose. For the reasons that follow, the complaint is dismissed in its entirety as to the Individual Defendants, the first cause of action is dismissed as to defendant Almat, and the third and eighth causes of action are dismissed in their entirety.

### *The Claims Against the Individual Defendants*

An initial issue to address is the extent of the Individual Defendants' personal liability. Defendants argue that the complaint should be dismissed in its entirety as to the Individual

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**   **Page 3 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.  001**

3 of 15

Defendants because they have no personal liability in this matter and their alleged actions were taken solely in their status as representatives of the Sponsor. Plaintiffs argue that the Individual Defendants are liable for breach of fiduciary duty and other intentional torts, without needing to establish piercing the corporate veil.

A condominium Sponsor's principals may not be held individually liable for a claim that is "premised solely on alleged violations of the offering plan and certification." *Board of Mgrs. Of 184 Thompson St. Condominium v. 184 Thompson St. Owner LLC*, 106 A.D.3d 542, 544 (1st Dept. 2013); *see also Board of Mgrs. Of Petit Verdot Condominium v. 732-734 WEA, LLC*, 215 A.D.3d 482, 483 (1st Dept. 2023) (holding that a private litigant may not pursue a common-law cause of action against a sponsor's principals when the "claim is predicated solely on a violation of the Martin Act or its implementing regulation and would not exist but for the statute"). Claims alleging that a sponsor violated the offering plan, without more, cannot impose personal liability on the Individual Defendants.

In certain circumstances, a sponsor's principal can however have personal liability for a breach of fiduciary duty and other tort claims. A "sponsor-appointed board of managers of a condominium owes a fiduciary duty to the unit purchasers." *Board of Managers v. Fairway at N. Hills*, 193 A.D.2d 322, 327 (2nd Dept. 1993). Such an individual duty is "particularly warranted where the sponsor or developer retains essentially total control over the 'planned community' for a substantial period of time during its developmental stages." *Id.*, at 325; *see also Bowery 263 Condominium Inc. v. D.N.P. 336 Covenant Ave. LLC*, 169 A.D.3d 541, 542 (1st Dept. 2019). There is no individual liability "[a]bsent any allegation of independent tortious conduct", however, when a principal's actions fall within the scope of the business judgment rule.

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**          **Page 4 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.  001**

[* 4]                                                    4 of 15

*Berenger v. 261 W. LLC*, 93 A.D.3d 175, 185 (1st Dept. 2012); *see also Board of Mgrs. of the Latitude Riverdale Condominium v. 3585 Owner, LLC*, 199 A.D.3d 441, 442 (1st Dept. 2021).

But allegations that the sponsor's principals "acted in bad faith and that their actions were tainted by conflict of interest and fraud" is sufficient to overcome a motion to dismiss and in this scenario the business judgment rule does not forestall a breach of fiduciary duty claim. *Board of Mgrs. of the 443 Greenwich St. Condominium v. SGN 443 Greenwich St. Owner LLC*, 224 A.D.3d 401, 402 (1st Dept. 2024). Therefore, at the motion to dismiss stage, the issue here becomes whether Plaintiffs' causes of action against the Individual Defendants are based solely on alleged violations of the offering plan, or whether Plaintiffs allege conduct that would go outside the bounds of the business judgment rule – i.e., bad faith, fraud, conflict of interest, and so on. This standard will guide the analysis below. For the reasons that follow, here none of the causes of action have adequately pled violations by the Individual Defendants that are separate from their actions taken on behalf of the Sponsor, and therefore dismissal of the complaint as to them is proper.

## The First Cause of Action

In the first cause of action, Plaintiffs ask for injunctive relief against Defendants prohibiting them from "evading their respective obligations to remediate the construction defects and correct their misrepresentations." Alternatively, Plaintiffs request a mandatory injunctive relief "compelling Defendants to remediate the construction defects and correct their misrepresentations." Defendants have moved to dismiss this claim entirely as a matter of law and alternatively, against Almat and the Individual Defendants on the grounds that they are not parties to the Plan.

656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.           Page 5 of 15
AG EBENEZER LLC ET AL
Motion No. 001

5 of 15

To have a viable claim for injunctive relief, a plaintiff must "establish that it does not have an adequate remedy at law, namely monetary damages." *Mini Mint Inc. v. Citigroup, Inc.*, 83 A.D.3d 596, 597 (1st Dept. 2011). Here, Plaintiffs argue that the alleged construction defects that form the basis for the first cause of action are creating "numerous health hazards and life safety risks", beyond a simple breach of contract remediable by money damages. Specifically, Plaintiffs claim (among other allegations) that the fire rating requirements have not been met, there are chronic sewage backups, and mold is present in the Building. When "[h]uman safety is at issue", injunctive relief may be proper. *Doe v. Dinkins*, 192 A.D.2d 270, 275 (1st Dept. 1993); *see also Real World Holdings LLC v. 393 W. Broadway Corp.*, 204 A.D.3d 425, 426 (1st Dept. 2022) (holding that injunctive relief was improper when there "was no imminent risk to the health and safety" of plaintiff).

Because of the health and safety risks alleged here, the first cause of action does not fail as a matter of law. But because Almat and the Individual Defendants are not parties to the Plan and do not have obligations thereunder, they cannot be compelled to fulfill said obligations through an injunction. Therefore, dismissal of the first cause of action as to defendant Almat and the Individual defendants is proper.

### *The Third Cause of Action*

In the third cause of action, Church alleges that Almat breached their contract by failing to pay the $190,000.00 due under the operating agreement as well as the 50% of Sponsor's cash flow due pursuant to the JVA. Defendants have moved to dismiss this claim on the grounds that documentary evidence defeats the claim; that statute of limitations has expired for the alleged non-payment of the second relocation payment; and that necessary preconditions to the disbursement of the Sponsor's cash flow have not yet been met.

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**
**AG EBENEZER LLC ET AL**
**Motion No. 001**

**Page 6 of 15**

6 of 15

The $190,000 due under the operating agreement that the third cause of action refers to was meant to be paid to the Church in the form of a second and third relocation installment payments of $35,000 each, as well as a transfer fee of $120,000. Almat argues that they paid the second relocation fee in September and October of 2016, and although they have not been able to locate a physical copy of the 2016 checks, they have submitted a sworn affidavit by Sponsor's principal, defendant Alozie, and a copy of their records showing the two entries. Almat also claims that they paid the third installment and the transfer fee together in 2017 and have attached a copy of the check and the settlement statement attesting to this fact. This documentary evidence does utterly refute the contention that the Church was never paid the third fee and the transfer fee. Regarding the second fee, it was due in 2016 under the terms of the operating agreement and the 2016 court order permitting the Church to transfer the Building. The statute of limitations on a breach of contract case is six years under CPLR § 213(2), and the present suit was brought in December of 2023. Therefore, the second installment fee claim is time-barred.

As regards the claim for payments due under the JVA, Defendants argue that Almat is not liable for failure to distribute profits because the necessary preconditions have not been met. Specifically, that the net cash flow is only calculated after subtracting certain funds withheld from gross revenue in order to repay various obligations. Almat also claims that they made a good-faith profit-sharing payment in 2021 and has attached a wire transfer in support of this claim. Plaintiffs have not pled that the necessary preconditions to a cash flow distribution have been met, they have only pled that they have not received any payments despite the units being sold. But the operating agreement and the JVA both state that cash flow distributions will only occur after certain conditions, such as the repayment of loans and of Almat's equity investment, have been met. Because the complaint does not allege that these conditions have been met and

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**                    **Page 7 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.  001**

[* 7]                                                                7 of 15

that there have then been no payments made from the resulting net cash flow, the complaint fails to state a viable claim for relief. Therefore, the dismissal of the third cause of action as a whole is warranted.

<u>*The Fourth Cause of Action*</u>

Plaintiffs allege in their fourth cause of action that both the Sponsor and the Individual Defendants breached their fiduciary duty owed to the BOM. They allege that the Sponsor and Individual Defendants acted in bad faith and give as examples the assignment of a common area gas bill to an individual unit, failing to maintain common elements, failing to pay lot taxes, misrepresenting the taxes and homeowner's association fees, allowing DOB violations to remain on the Building, and incurring fines for failing to furnish worker's compensation insurance when hiring a superintendent. Defendants have moved to dismiss on the grounds that the breach of fiduciary duty claims are duplicative of the breach of contract claims; are not pled with the requisite specificity against the Individual Defendants; and are barred by the statute of limitations.

The case *Pelton* originally stood for the proposition that a complaint must plead independent tortious acts by individual members of a condominium board with specificity. *Pelton v. 77 Park Ave. Condominium*, 38 A.D.3d 1 (1st Dept. 2006). Then in *Fletcher*, the First Department declined to follow the pleading rule that had previously been set forth in *Pelton* and held that alleged intentional torts are not protected by the business judgment rule. *Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 50 (1st Dept. 2012). A breach of fiduciary duty claim against an individual must, however, "allege [] individual wrongdoing by the members of the Board separate and apart from their collective actions taken on behalf of the condominium." *20 Pine St. Homeowners Assn. v. 20 Pine St. LLC*, 109 A.D.3d 733, 735-36 (1st Dept. 2013). The issue with

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**     **Page 8 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.  001**

8 of 15

the complaint is that it fails to distinguish between actions taken by the Independent Defendants with specificity and those actions that were taken by board on behalf of the Sponsor. When a claim of breach of fiduciary duty is made against an individual defendant in these circumstances and actions separate and apart from the collective actions are not pled, it is properly dismissed as duplicative of a breach of contract claim. *Residential Bd. of Millennium Point v. Condominium Bd. of Millennium Point*, 197 A.D.3d 420, 424 (1st Dept. 2021). Therefore, the fourth cause of action is properly dismissed as against the Individual Defendants.

The issue then narrows to whether there is a viable claim for breach of fiduciary duty as against the Sponsor. There is a three-year limitations period for breach of fiduciary duty claims when, as is the case here, the remedy sought is "purely monetary in nature." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009). Defendants argue that the limitations period began to run in October 2020, when the units were sold, and the Individual Defendants were no longer in sole control of the Building. Plaintiffs argue that the allegedly improper behavior continued past the introduction of other board members and that certain actions, such as the alleged failure to pay lot taxes, did not result in harm to the unit owners until 2021 or later. The statute of limitations for a breach of fiduciary duty claim begins to run when the claim becomes enforceable, including when damages are sustained. *IDT Corp*, at 140. Here, although some of the allegations are barred by the three-year limitation, there are multiple alleged breaches of fiduciary duty that appear not have become enforceable until 2021 or later, which would bring it within the statute of limitations.

Defendants' main argument for dismissing the breach of fiduciary duty claims are that they are duplicative of the breach of contract claim. Generally, the two claims are considered duplicative when they are "based on the same facts and seek essentially identical damages."

**656410/2023 THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs. AG EBENEZER LLC ET AL**
**Motion No. 001**

**Page 9 of 15**

9 of 15

[* 9]

*Gawrych v. Astoria Fed. Sav. & Loan*, 148 A.D.3d 681, 684 (2nd Dept. 2017). But a cause of action for breach of fiduciary duty is considered distinct from that of breach of contract when it "stem[s] from the breach or violation of duties distinct from the contract." *Calderoni v. 260 Park Ave. S. Condominium*, 220 A.D.3d 563, 563 (1st Dept. 2023). Here, the fourth cause of action alleges misconduct, including undercapitalization, that would breach the fiduciary duties owed to the BOM. While some of the allegations made echo the breach of contract claim, such as the alleged failure to maintain the common elements in accordance with the Plan, allegations such as the misrepresentation to potential homeowners does not stem from a duty owed pursuant to the Plan. Dismissal of this cause of action as duplicative would be improper.

<u>The Fifth Cause of Action</u>

The fifth cause of action pled by the Plaintiffs is a claim for breach of fiduciary duty by the Church against Defendants. The gravamen of this claim are allegations that the Defendants failed to address construction defects in the part of the Building reserved for the use of the Church and caused the Church to lose tax-exempt status through mismanagement. Defendants move to dismiss this cause of action for similar reasons as the fourth. As with that cause of action, because this claim fails to distinguish between the actions taken by the Individual Defendants and those taken on behalf of the LLC Defendants, dismissal against the Individual Defendants is proper.

Turning to the claim as against the LLC Defendants, Defendants argue that the claim should be dismissed as the Sponsor's inability to guaranty J-51 tax benefits is not actionable. The Plan provides that the "Sponsor will use its best efforts." The letter from the NYC Department of Housing Preservation & Development states that the Building was denied the tax benefits of the J-51 Program because it did not contain enough bedrooms to qualify. When a good faith attempt

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**      **Page 10 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.  001**

[* 10]

10 of 15

to apply for tax exemption benefits is made in accordance with the plan documents, and those documents (as is the case here) does not guarantee the benefits, there is no action for breach of contract. *Lex Tenants Corp. v. Gramercy North Assocs.*, 244 A.D.2d 199, 199 (1st Dept. 1997). Here, the Church's allegations that the LLC Defendants did not act in good faith in applying for the J-51 Program are somewhat conclusory. But there are multiple other alleged actions constituting breach of fiduciary duty in the fifth cause of action, and therefore dismissal of this cause in the entirety would be untimely.

### *The Sixth Cause of Action*

Plaintiffs allege that the Sponsor and the Individual Defendants actively defrauded the BOM. Specifically, they allege that the Plan and the promotional materials for the Building were actively misleading or demonstrably false as to the condition of the Building and the units, as well as the tax and homeowner associations fees burden. They also allege that there were certain oral representations made intending to induce prospective homeowners to buy a unit that the Defendants had no intention of honoring. Defendants move to dismiss this and the seventh cause of action (also for fraud) for several reasons: that they are preempted by the Martin Act; duplicative of the breach of contract claims; fails to plead fraud with specificity; and that they fail to plead reliance.

At the outset, the fraud claims suffer from the same generalized pleading faults that the breach of fiduciary duty claims do as to the Individual Defendants. The complaint fails to plead any independent or specific acts by the Individual Defendants that would be apart from their actions taken on behalf of the Sponsor. Therefore, dismissal as to Individual Defendants is proper.

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**                    **Page 11 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.  001**

11 of 15

The Martin Act, among other things, regulates the contents of condominium offering plans and authorizes the Attorney General to enforce the regulations and seek restitution for injured parties. *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. Partnership*, 12 N.Y.3d 236, 244 (2009). Because there is no private right of action in the Martin Act, a "purchaser of a condominium apartment may not bring a claim for common-law fraud against the building's sponsor when the fraud is predicated solely on alleged material omissions from the offering plan amendments mandated by the Martin Act." *Id.*, at 239. The Court of Appeals then clarified this holding by stating that injured parties may bring a common-law fraud claim that "is not entirely dependent on the Martin Act for its viability." *Assured Guar. (UK) Ltd. V. J.P. Morgan Inv. Mgt. Inc.*, 18 N.Y.3d 341, 353 (2011). Therefore, if the fraud claim is not entirely dependent on allegedly material omissions from the offering plan, it is not preempted by the Martin Act.

Here, Plaintiffs make allegations including that the Defendants intentionally charged artificially low homeowners' fees to incentivize sales (knowing that they would be shortly significantly raised), that they ignored reported faulty conditions and claimed they were resolved when they were not, made intentionally false oral representations, and that the Plan contained knowingly and demonstrably false representations as to certain design defects. There are numerous allegations made that do not rely on material omissions as covered by the Martin Act, and it follows that the fraud claims are not preempted by the Martin Act. Affirmative misrepresentations, such as about floor dimensions, are considered to give rise to a common-law cause of action for fraud. *Bhandari v. Ismael Leyva Architects, P.C.*, 84 A.D.3d 607, 608 (1st Dept. 2011).

Next, Defendants argue that the fraud claims are duplicative of the breach of contract claims. A fraud claim is duplicative when it does not allege a breach of duty owed independent

656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.         Page 12 of 15
AG EBENEZER LLC ET AL
Motion No. 001

[* 12]                                             12 of 15

from the contract or when the claim arises from the contractual provisions said to have been breached and seeks the same damages. *See, e.g., Board of Mgrs. of the Chelsea 19 Condominium v. Chelsea 19 Assoc.*, 73 A.D.3d 581, 581 (1st Dept. 2010); *Leonard v. Gateway II, LLC*, 68 A.D.3d 408, 409 (1st Dept. 2009). Here, Plaintiffs allege several facts that would breach a duty independent of the Plan and the promotional materials, including that knowingly false oral representations were made in order to induce reliance, that taxes and fees were intentionally substantially raised once a purchase was made, and that some of the Sponsor's bills were foisted onto individual homeowners. These would state a claim for fraud that would be beyond the bounds of a breach of contract claim, and therefore the fourth cause of action is not duplicative.

Finally, Defendants argue that Plaintiffs have failed to adequately plead reliance, a necessary element of a fraud claim. They contend that the statements in the promotional materials were mere puffery, that any oral representations were expressly disclaimed by the Plan, and that any estimation of future tax liability was not actionable. The Plan contains a representations provision that states that any "representations not contained herein or in the documents and exhibits referred to herein must not be relied upon. This Plan may not be changed or modified orally." Such a specific provision negates reliance on any outside representations, oral or otherwise. *See, e.g., Leonard* at 409. Furthermore, estimates of tax liability in the future "cannot serve as the basis for claims of deliberate, negligent, or unintentional misrepresentation." *Koagel v. Ryan Homes, Inc.*, 167 A.D.2d 822, 823 (4th Dept. 1990).

To the extent that the fourth cause of action pleads reliance on representations made outside the Plan, such allegations cannot satisfy the reliance element of fraud. Claims of fraudulent inducement that stem from a failure to conform to an agreement with a specific reliance disclaimer provision are properly dismissed as duplicative. *See, e.g., Chelsea 19* at 581;

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**         **Page 13 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.   001**

13 of 15

*Board of Mgrs. of Loft Space Condominium v. SDS Leonard, LLC*, 142 A.D.3d 881, 882 (1st Dept. 2016). A concealed intent not to perform does not give rise to a fraudulent inducement claim. *Bloom v. Papadakis & Gonzalez D.D.S., PLLC*, 211 A.D.3d 455, 456 (1st Dept. 2022).

But to the extent that it is alleged that the Plan went beyond material omissions and into the realm of affirmative misrepresentations and active concealment done, as is alleged here, with the intent to induce BOM and its constituent homeowners to enter into a purchase agreement, the claim has adequately pled reliance. A "material representation, known to be false, made with the intention of inducing reliance" is required for a claim of fraudulent inducement. *Rivera v. JRJ Land Prop. Corp.*, 27 A.D.3d 361, 364 (1st Dept. 2006). While the Plan contains a reliance provision, it does not exempt the representations made in the Plan from being knowingly falsely made, as Plaintiffs allege here. Therefore, dismissal at this stage would be improper.

### *The Seventh Cause of Action*

The seventh cause of action also pleads fraud, but on behalf of the Church rather than the BOM. Defendants have moved to dismiss this claim for similar reasons as to the sixth. For the reasons discussed above, dismissal is proper as to the Individual Defendants, and there has been adequately pled reliance. While, as with the sixth cause of action, many of the allegations would preempt reliance due to the outside reliance provision in the Plan, there are enough remaining allegations to support a valid claim. Plaintiffs allege that the conditions of the Church's community space were intentionally and falsely misrepresented and that the Church relied on those representations in the Plan to their detriment. Therefore, the seventh cause of action fails to state a claim and dismissal would not be proper.

### *The Eighth Cause of Action*

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**          **Page 14 of 15**
**AG EBENEZER LLC ET AL**
**Motion No.  001**

14 of 15

[* 14]

The final cause of action is a negligence claim by Plaintiffs against Defendants, alleging that the Defendants negligently failed to advise prospective owners of the defects in the Building and inaccuracies in the Plan, and that Defendants were negligent in carrying out the Plan. Defendants have moved to dismiss on the grounds that it fails as a matter of law. They argue that this is a breach of contract claim and not a tort claim. A claim of negligent misrepresentation that does not allege a breach of duty separate from the contractual obligations is properly dismissed. *Greenman-Pedersen, Inc. v. Levine*, 37 A.D.3d 250, 250 (1st Dept. 2007). Plaintiffs failed to brief this issue, and the complaint does not allege a separate duty from the various agreements that was negligently breached. Therefore, dismissal of this claim is proper. Accordingly, it is hereby

ADJUDGED that the complaint is dismissed in its entirety as to defendant Donald Matheson and defendant Uchechukwu Alozie; and it is further

ADJUDGED that the first cause of action is dismissed as to defendant Almat Group, LLC; and it is further

ADJUDGED that the third and eighth causes of action are dismissed in their entirety; and it is further

ADJUDGED that the rest of the defendants' motion to dismiss is denied; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry; and it is further

20241203135504LFRANK8B4507EEC1884F89974BF8E6C4E24ED8

| **12/3/2024** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | | |
| | ☐ | GRANTED | ☐ DENIED | ☒ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**656410/2023   THE BOARD OF MANAGERS OF THE BLACKFRIARS CONDOMINIUM ET AL vs.**          **Page 15 of 15**
**AG EBENEZER LLC ET AL**
**Motion No. 001**

15 of 15