■ LGC USA HOLDINGS, INC., Appellant, v TALY DIAMONDS, LLC, Defendant, and TALY DIAMONDS (N.Y.) LTD. et al., Respondents. [995 NYS2d 5]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 15, 2014, which, inter alia, denied plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.

The motion court properly exercised its discretion in denying the preliminary injunction on the ground that the alleged harm is compensable by money damages and therefore is not irreparable (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Contrary to plaintiff's contention, the provision in the operating agreement entitling a party to specific performance in the event of the other's breach does not render the alleged harm irreparable. Unlike the operating agreements in the cases relied on by plaintiff, the operating agreement at issue here does not provide that any loss resulting from a breach is irreplaceable or that the damage is irreparable (*see Matter of Reed Found., Inc. v Franklin D. Roosevelt Four Freedoms Park, LLC*, 108 AD3d 1 [1st Dept 2013] [provision expressly stated that a breach or threatened breach would constitute irreparable harm]; *Seitzman v Hudson Riv. Assoc.*, 126 AD2d 211 [1st Dept 1987] [provision authorizing non-breaching purchaser to obtain specific performance stated that apartment and its possession cannot be duplicated]). Plaintiff failed to submit evidentiary proof showing a clear right to the relief sought (*see 1234 Broadway LLC v West Side SRO Law Project, Goddard Riverside Community Ctr.*, 86 AD3d 18, 23 [1st Dept 2011]), in light of the largely speculative assertions in the affidavit of its president and the fact that they were sharply contradicted by defendants' affidavits.

Moreover, plaintiff failed to establish a likelihood of success on the merits. As the motion court correctly reasoned, the operating agreement does not give the liquidator the power to conduct the daily operations of the business, but rather, provides for limited duties, including giving notice of the dissolution and determining how to distribute assets.

Additionally, the injunction sought seeks to change the status quo, plaintiff having requested verbatim the ultimate relief sought in the complaint pendente lite (*see St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d 347, 349 [1st Dept 2003]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.