Vector Media, LLC v Go New York Tours Inc. (2020 NY Slip Op 05707)





Vector Media, LLC v Go New York Tours Inc.


2020 NY Slip Op 05707


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 653808/2019 Appeal No. 12036N Case No. 2019-05103 

[*1]Vector Media, LLC, Plaintiff-Respondent,
v
Go New York Tours Inc., Doing Business as Topview Sightseeing, Defendant-Appellant.


Barton LLP, New York (Maurice N. Ross and Laura-Michelle Horgan of counsel), for appellant.
Olshan Frome & Wolosky, LLP, New York (Brian A. Katz of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered August 12, 2019, which granted plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.
The court providently exercised its discretion in granting the preliminary injunction since plaintiff has demonstrated a probability of success on the merits, irreparable injury in the absence of an injunction, and a balance of the equities in its favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). The agreement clearly provides that defendant would provide plaintiff with the exclusive right to sell and place advertising on its buses and provide access to its bus fleet in exchange for payment, and it is evident that defendant breached its plain terms. While the parties dispute whether plaintiff would suffer irreparable injury without the preliminary injunction, the parties explicitly agreed in the contract that if defendant breached or threatened to breach, plaintiff's damages would be irreparable and that injunctive relief would be appropriate (see BDC Mgt. Servs., LLC v Singer, 144 AD3d 597, 598 [1st Dept 2016]). Furthermore, the equities clearly favor plaintiff.
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020