Noyack Med. Partners, LLC v OSK IX, LLC (2022 NY Slip Op 03688)

Noyack Med. Partners, LLC v OSK IX, LLC

2022 NY Slip Op 03688

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 654665/21 Appeal No. 16105 Case No. 2021-04588 

[*1]Noyack Medical Partners, LLC, Plaintiff-Respondent,
v
OSK IX, LLC, Defendant-Appellant.

Borg Law LLP, New York (Jonathan M. Borg of counsel), for appellant.
Cuddy & Feder LLP, White Plains (Brendan M. Goodhouse of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about September 24, 2021, which granted plaintiff's motion for a preliminary injunction enjoining defendant from selling, transferring, or conveying certain taxicab medallions pending further order of the court or resolution of the action, unanimously reversed, on the law without costs, the preliminary injunction vacated, and the motion denied.
The parties entered into a sale agreement whereby plaintiff agreed to purchase taxicab medallions from defendant. The sale did not close before the expiration date of the agreement. Subsequently, plaintiff commenced this action for specific performance, alleging that defendant breached the sale agreement by failing to timely clear encumbrances on the medallions, timely provide and execute documents, and timely provide information necessary to identify encumbrances, obtain approval from the New York City Taxi & Limousine Commission, and close on the sale.
Plaintiff was not entitled to a preliminary injunction (see CPLR 6301; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
Plaintiff failed to demonstrate a danger of irreparable harm absent an injunction. Plaintiff cannot rely on paragraph 7(b) of the sale agreement, because that paragraph does not provide that any damage resulting from a breach of the agreement is irreparable (see LGC USA Holdings, Inc. v Taly Diamonds, LLC, 121 AD3d 529, 530 [1st Dept 2014]; cf. Vector Media, LLC v Go New York Tours Inc., 187 AD3d 531, 532 [1st Dept 2020] ["the parties explicitly agreed in the contract that if defendant breached or threatened to breach, plaintiff's damages would be irreparable and that injunctive relief would be appropriate"]). Paragraph 7(b) only provides that breaches of the provisions of paragraph 7, which relate to confidentiality and are not relevant to this action, would result in irreparable harm. Contrary to plaintiff's contentions, money damages would adequately compensate it for the breach alleged here, and thus, its potential harm is not irreparable (see SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022