## Go N.Y. Tours Inc. v Vector Media, LLC

2025 NY Slip Op 31804(U)

May 19, 2025

Supreme Court, New York County

Docket Number: Index No. 151029/2025

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------X

GO NEW YORK TOURS INC. D/B/A TOPVIEW
SIGHTSEEING

                          Plaintiff,

              - v -

VECTOR MEDIA, LLC,

                       Defendant.

| | |
|---|---|
| **INDEX NO.** | 151029/2025 |
| **MOTION DATE** | 03/10/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------X

VECTOR MEDIA, LLC

                          Plaintiff,

              -against-

GO NEW YORK TOURS INC.,

                       Defendant.

| | |
|---|---|
| **INDEX NO.** | 653808/2019 |
| **MOTION. SEQ. NO.** | 008 |

------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 81, 82, 83, 84, 85, 86

were read on this motion to/for                PREL INJUNCTION/TEMP REST ORDR

Upon the foregoing documents, and for the reasons set forth on the record (*tr.* 5.13.25), Vector

Media, LLC (**Vector**)'s motion in (i) the 2025 Action (hereinafter defined) for a preliminary

injunction is GRANTED and Go New York Tours Inc. D/B/A TopView Sightseeing (**GONY**)'s

cross-motion is DENIED and (ii) the 2019 Action (hereinafter defined) to hold Vector in

contempt is GRANTED.

151029/2025  GO NEW YORK TOURS INC. D/B/A TOPVIEW SIGHTSEEING vs. VECTOR MEDIA, LLC
Motion No.  001

Page 1 of 6

[* 1]

Reference is made to a lawsuit captioned *VECTOR MEDIA, LLC v. GO NEW YORK TOURS INC.*, Index No. 653808/2019 (the **2019 Action**) which the parties settled pursuant to a Second Amended and Restated Transit Advertising Agreement (the **Agreement**; NYSCEF Doc. No. 319 [Index No. 653808/2019]),[1] dated December 28, 2020, by and between GONY and Vector and by agreeing to a permanent injunction (the **Injunction**; NYSCEF Doc. No. 315 [653808/2019]) and (ii) this lawsuit captioned Go *New York Tours Inc. d/b/a TOPVIEW SIGHTSEEING v. Vector Media, LLC*, Index No. 151029/2025 (the **2025 Action**).

As discussed (*tr.* 5.13.25), neither the Agreement nor the Injunction are ambiguous. Not even a little bit. They are the product of substantial negotiation between sophisticated parties represented by counsel. They are well thought through and comprehensive. They contain specific clear defined terms delineating rights between the parties and charges that the parties agreed were appropriate under the relevant circumstances, including, for the avoidance of doubt, (i) Vector's exclusive right to wrap vehicles in the Fleet as it existed at the time of the Agreement and as such vehicles may be added to the Fleet in the future and during the term of the Agreement that the parties negotiated, (ii) Minimum Buses is not a static number and the amounts GONY can charge are reflected on certain schedules to the Agreement and as otherwise set forth in the Agreement, (iii) GONY was required to inform Vector of the relevant number of buses that it would run in the time periods set forth in the Agreement so that Vector could sell advertising, and (iv) GONY could charge $350 for the removal of expired advertising campaigns if Vector did not remove them.

---

[1] Unless otherwise indicated, the NYSCEF document citations refer to the 2025 Action.

151029/2025   GO NEW YORK TOURS INC. D/B/A TOPVIEW SIGHTSEEING vs. VECTOR MEDIA, LLC
Motion No. 001

Page 2 of 6

2 of 6

As discussed, the record is saturated with evidence of breach by GONY of both the Agreement and the Injunction. The record also includes certain false statements including whether Vector ever consented to GONY's removal of expired campaigns (NYSCEF Doc. No. 69 ¶ 19). They did and they indicated that they could be charged $350 as the Agreement provided (NYSCEF Doc. No. 362 [Index No. 653808/2019]; *see e.g.*, email from Shawn de Jesus, dated February 19, 2025 ["[i]t seems like if we can't agree on this it is within your rights to remove the ad and charge Vector $350"]). Thus, and to be clear, this is not a disputed issue of fact between Vector and GONY. Indeed, if there is a dispute of fact, it is between GONY's Chief Executive Officer, Asen Kostadinov and GONY's Senior Director of Maintenance & Fabrication, Magdy Abdelgowad. For completeness, the Court notes that according to Magdy Abdelgowad, Vector would only allow $350 to be charged for this service when it cost up to $5,750 or more per wrap removal and repair (NYSCEF Doc. No. 61 ¶ 12). According to Asen Kostadinov, on the other hand, "Vector has *never* consented to GONY removing Vector's commercial advertisement wraps from GONY buses" (NYSCEF Doc. No. 69 ¶ 19 [emphasis added]). As discussed above, the record establishes that they did in fact consent and this simply is not so.

As to the motion seeking an injunction (Mtn. Seq. No. 001 [Index No. 151029/2025]), on the record before the Court and as discussed previously (*Vector Media, LLC v Go New York Tours Inc.*, 187 AD3d 531 [1st Dept 2020]; NYSCEF Doc. No. 306 [Index 653808/2019]), Vector has more than met its burden of establishing a likelihood of success on the merits, irreparable harm in the absence of an injunction and a balance of equities in its favor (*Nobu Next Door, LLC v Fine Arts Housing, Inc.*, 4 NY2d 839, 840 [2005]). For the avoidance of doubt, the affirmation of Asen Kostadinov in opposition to the motion for preliminary injunction (NYSCEF Doc. No.

151029/2025   GO NEW YORK TOURS INC. D/B/A TOPVIEW SIGHTSEEING vs. VECTOR MEDIA, LLC
Motion No. 001

Page 3 of 6

3 of 6

[* 3]

69) does not support the denial of the injunction as it appears to contain statements that are demonstrably false on the record before the Court (*id.* ¶ 19) and that are at odds with *other GONY affirmations* with respect to whether Vector has ever consented to GONY removing Vector's commercial advertisement wraps from GONY buses.

Thus, Vector is entitled to the injunction that it seeks. As such, GONY is preliminarily enjoined from (i) refusing to provide Vector with exclusive advertising access to all of GONY's vehicles, based on sufficient advanced notice, as outlined in the Agreement, (ii) conditioning exclusive advertising access on its demands for extra-contractual payments or that Vector first repair and/or modify GONY's "TopView" branding and (iii) modifying the bus numbers provided in its December 7, 2024 notice to Vector, unless and until Vector agrees otherwise. Vector however must either (x) remove expired campaigns or (y) consent to GONY removing them and be charged $350 pursuant to the terms of the Agreement. Vector shall post a $1,000 bond in support of the preliminary injunction within 60 days. Inasmuch as it appears that there are no issues of fact warranting additional discovery, leave is granted to Vector to move for summary judgment in support of any counterclaim that it asserts for breach in the 2025 Action and for dismissal of the complaint in the 2025 Action.[2]

As to the motion seeking to hold GONY in contempt (Mtn. Seq. No. 008 [Index No. 653808/2019]), as discussed above, the Agreement and the Injunction are not ambiguous and argument to the contrary is just knowingly false. The Injunction is a clear and unequivocal order of this Court that was the product of significant negotiations between the parties. The record

---

[2] As provided for in the Agreement, Vector must still either remove the expired campaigns or consent to GONY removing the campaigns and charging Vector $350.

**151029/2025   GO NEW YORK TOURS INC. D/B/A TOPVIEW SIGHTSEEING vs. VECTOR MEDIA, LLC**          **Page 4 of 6**
**Motion No. 001**

before the Court establishes GONY's willful and contumacious violation of that order by clear and convincing evidence (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]). Vector has been substantially prejudiced as a result of GONY's conduct (*id.*). As such, Vector's motion for contempt is granted and GONY is fined $250 plus Vector's costs and expenses incurred in connection with the contempt motion.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that Vector's motion in the 2025 Action (Mtn. Seq. No. 001 [Index No. 151029/2025]) for a preliminary injunction is GRANTED as set forth above; and it is further

ORDERED that the undertaking is fixed in the sum of $1,000, which sum Vector shall post no later than 60 days from the date of this Decision and Order; and it is further

ORDERED that GONY's cross-motion is DENIED; and it is further

ORDERED that Vector is granted leave to move for summary judgment as to its counterclaim in the 2025 Action and for dismissal of the complaint in the 2025 Action; and it is further

ORDERED that Vector's motion in the 2019 Action (Mtn. Seq. No. 008 [Index No. 653808/2019]) for contempt is GRANTED; and it is further

151029/2025 GO NEW YORK TOURS INC. D/B/A TOPVIEW SIGHTSEEING vs. VECTOR MEDIA, LLC
Motion No. 001

Page 5 of 6

[* 5]

5 of 6

ORDERED that GONY is fined $250 plus Vector's costs and expenses incurred in connection with the contempt motion; and it is further

ORDERED that Vector will, within 14 days of the date of this order, provide GONY with an itemized invoice of its costs and expenses, including reasonable attorney's fees incurred in the contempt proceedings and if the parties cannot agree on the amount of such reasonable costs and fees within 30 days, the parties shall email Part 53 (sfc-part53@nycourts.gov), and the Court will arrange a conference to hold a hearing on the reasonable attorney's fees and costs.

| 5/19/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | ANDREW BORROK, J.S.C. | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151029/2025  GO NEW YORK TOURS INC. D/B/A TOPVIEW SIGHTSEEING vs. VECTOR MEDIA, LLC**
**Motion No. 001**                                                            Page 6 of 6

6 of 6

[* 6]