SJI Renewable Energy Ventures, LLC v REV LNG LLC (2026 NY Slip Op 01328)

SJI Renewable Energy Ventures, LLC v REV LNG LLC

2026 NY Slip Op 01328

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 652453/25|Appeal No. 6041|Case No. 2025-05726|

[*1]SJI Renewable Energy Ventures, LLC, Plaintiff-Respondent, SJI Rng Devco, LLC, et al., Plaintiffs,
vREV LNG LLC, et al., Defendants-Appellants.

Blank Rome LLP, New York (Heidi G. Crikelair of counsel), for Rev LNG LLC, appellant.
Norton Rose Fulbright US LLP, New York (Steve M. Dollar of counsel), for REV LNG Holdings LLC, E. David Kailbourne and Jacob Digel, appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Jennifer Permesly of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered September 5, 2025, which, to the extent appealed from, granted plaintiff SJI Renewable Energy Ventures, LLC's motion for a preliminary injunction enjoining defendant E. David Kailbourne from purporting to act as CEO of defendant REV LNG LLC during the pendency of this litigation, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting SJI's motion for an injunction, as SJI demonstrated a likelihood of success on the merits, irreparable injury without the injunction, and a balance of the equities in its favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). SJI demonstrated prima facie that under section 8.1(f) of the operative limited liability company agreement (the LLCA), the three minority managers appointed by SJI to the REV LNG board of managers had the power to unilaterally terminate Kailbourne as CEO of REV LNG. Pursuant to section 8.1(f), the termination decision was considered to be an "Interested Member Matter," as Kailbourne was not only the CEO of the REV LNG but was "employed by or associated with" defendant REV LNG Holdings, LLC, the majority member of REV LNG. As a result, managers appointed by REV LNG Holdings were disqualified from voting on the matter of Kailbourne's termination as CEO. Contrary to defendants' contentions otherwise, other provisions of the LLCA do not support a different reading of section 8.1(f).
SJI also established, under the applicable Pennsylvania law, that it would suffer irreparable injury if its ability to exercise the power to unilaterally terminate Kailbourne as CEO is not given effect on a preliminary injunction motion. This conclusion is buttressed by section 15.13 of the LLCA, in which the parties expressly provided for specific performance of section 8.1 on the basis that there is no adequate remedy at law, including money damages, for any such breach (see CKHS, Inc. v Prospect Med. Holdings, Inc., 329 A3d 1204, 1216-1217 [Pa 2025]; see also Vector Media, LLC v Go New York Tours Inc., 187 AD3d 531, 532 [1st Dept 2020]). For the same reason, the balance of the equities favors the granting of immediate relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026